IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **CHARLES STANTON SULLIVAN, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:24-cv-463-RAH-CWB |
| ) | |
| **CITY OF DADEVILLE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

By Order entered August 15, 2024, Plaintiff was informed that he must "either pay the required filing fee **or** submit a request to proceed *in forma pauperis* using the long-form application." (*See* Doc. 5) (emphasis in original). And Plaintiff was "**cautioned that a failure to comply with the requirements of this Order may result in a recommendation of dismissal**." (*Id*.) (emphasis in original).

Despite the court's instructions and admonition, Plaintiff did not take any action by the imposed deadline of August 29, 2024. The Magistrate Judge finds that Plaintiff's failure to comply or otherwise respond constitutes a clear record of delay and/or willful contempt; and the Magistrate Judge further finds that any lesser sanction than dismissal would not be appropriate under the circumstances, *i.e.,* where Plaintiff has failed to take action notwithstanding the court's warning about a potential dismissal. *See, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (acknowledging that the authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (stating that "[t]he district court possesses the inherent power to police its docket" and that "sanctions imposed [upon dilatory litigants] can range from a simple

reprimand to an order dismissing the action with or without prejudice"); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (explaining that dismissal for failure to obey an order generally is not an abuse of discretion where the litigant has been forewarned). Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that this case be dismissed without prejudice.

It is **ORDERED** that all objections to this Recommendation must be filed no later than **September 23, 2024**. An objecting party must identify the specific portion(s) of factual findings/ or legal conclusions to which objection is made and must describe in detail the basis for each objection. Frivolous, conclusive, or general objections will not be considered.

After receiving objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made. The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings. *See* 28 U.S.C. § 636(b)(1)(C). A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations. The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice. *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit. An appeal may be filed only as to an appealable order entered by the District Judge.

**DONE** this the 9th day of September 2024.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE